1
2
3
4
5
6
**UNITED STATES DISTRICT COURT**

7
**DISTRICT OF NEVADA**

8  JENNIFER HAMMOND,                          )
9          Plaintiff,                         )
                                              )
10         v.                                 )          2:16-cv-01175-JCM-GWF
                                              )
11  SHERRIE HORTON et al.,                    )          **ORDER**
                                              )
12         Defendants.                        )
                                              )
13  _____        )

14         This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state

15  prisoner.  On May 31, 2016, this court issued an order directing plaintiff to file a fully complete

16  application to proceed *in forma pauperis* or pay the full filing fee of $400.00 within thirty days

17  from the date of that order.  (ECF No. 3 at 1-2).  The thirty-day period has now expired, and

18  plaintiff has not filed an application to proceed *in forma pauperis*, paid the full filing fee, or

19  otherwise responded to the court's order.

20         District courts have the inherent power to control their dockets and "[i]n the exercise of

21  that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.

22  *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court

23  may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure

24  to obey a court order, or failure to comply with local rules.  *See Ghazali v. Moran*, 46 F.3d 52,

25  53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule);  *Ferdik v. Bonzelet*, 963

26  F.2d 1258, 1260-61 (9th Cir. 1992)  (dismissal for failure to comply with an order requiring

27  amendment of complaint);  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal

28  for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of

    address);  *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for

1  failure to comply with court order);  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)
2  (dismissal for lack of prosecution and failure to comply with local rules).

3      In determining whether to dismiss an action for lack of prosecution, failure to obey a
4  court order, or failure to comply with local rules, the court must consider several factors: (1)
5  the public's interest in expeditious resolution of litigation; (2) the court's need to manage its
6  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
7  cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d
8  at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-
9  61; *Ghazali*, 46 F.3d at 53.

10      In the instant case, the court finds that the first two factors, the public's interest in
11  expeditiously resolving this litigation and the court's interest in managing the docket, weigh in
12  favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of
13  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in
14  filing a pleading ordered by the court or prosecuting an action.  *See Anderson v. Air West*, 542
15  F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases
16  on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.
17  Finally, a court's warning to a party that his failure to obey the court's order will result in
18  dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;
19  *Malone*, 833 F.2d at 132-33;  *Henderson*, 779 F.2d at 1424.  The court's order requiring
20  plaintiff to file an application to proceed *in forma pauperis* or pay the full filing fee within thirty
21  days expressly stated: "IT IS FURTHER ORDERED that if [p]laintiff does not timely comply
22  with this order, dismissal of this action may result."  (ECF No. 3 at 2).  Thus, plaintiff had
23  adequate warning that dismissal would result from his noncompliance with the court's order
24  to file an application to proceed *in forma pauperis* or pay the full filing fee within thirty days.

25      It is therefore ordered that this action is dismissed without prejudice based on plaintiff's
26  failure to file an application to proceed *in forma pauperis* or pay the full filing fee in compliance
27  with this court's May 31, 2016, order.

28      It is further ordered that the motion for appointment of counsel (ECF No. 2) is denied

1    as moot.

2         It is further ordered that the clerk of court shall enter judgment accordingly.

3

4         DATED: July 14, 2016.

5

6                                    _____
                                     United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28